IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------ : | |
| KAREN MARTIN : | CASE NO. 1:04 CV 206 |
| : | |
| Plaintiff : | |
| : | <u>ORDER</u> |
| -vs- : | |
| : | |
| GENERAL ELECTRIC COMPANY : | |
| : | |
| Defendant : | |
| ------------------------------------------------ : | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     On 9 May 2005, this Court granted defendant General Electric Company's ("GE") motion for summary judgment and dismissed this case. Plaintiff Karen Martin then filed "Motion for Reconsideration and/or Review/Appeal of Dispositive Findings Pursuant to Local Rule 72.3(b)." GE responded with a brief in opposition, urging this Court to deny the motion and to award GE the fees and costs associated with responding to that motion, pursuant to 28 U.S.C. § 1927. (Docket #51). No reply was filed. On 5 July 2005, this Court denied plaintiff Karen Martin's motion for reconsideration and granted GE's request for sanctions, determining that plaintiff's counsel must pay GE's fees and costs reasonably incurred as a result of having to respond to plaintiff's frivolous motion.

     In order to determine the precise amount of the sanction, GE was ordered to submit, on or before 19 July 2005, evidence of the costs and fees incurred in opposing

plaintiff's motion. GE submitted that information on 13 July 2005 seeking $1,891.07 in fees and costs. GE's request is comprised of $1,767.50 in attorney's fees (based on 9.25 billable hours) and $456.07 for electronic research, copies and postage. Plaintiff's counsel responded with a "motion to deny defendant's request for sanctions/attorney's fees." (Docket #58). Plaintiff seeks the "opportunity" to challenge defendant's allegations that plaintiff's motion for reconsideration was frivolous and its assertion that "multiple hours of research and writing" were necessary to oppose it.

Plaintiff's motion to deny the request for sanctions is denied. As plaintiff's counsel should be aware, this Court has already determined that plaintiff's motion for reconsideration was frivolous and awarded sanctions to defendant, leaving only the precise amount of the sanction to be determined. Having had the opportunity to challenge the defendant's request for sanctions, plaintiff's counsel elected not to file anything until well after sanctions had been awarded. This Court is not going to revisit its conclusion regarding the frivolity of plaintiff's motion for reconsideration or the propriety of sanctions. Plaintiff's counsel may, however, file a response, on or before 22 July 2005 at noon, on the sole question of whether the fees and costs itemized by GE in Docket #57 were "reasonably incurred." 28 U.S.C. §1927.

IT IS SO ORDERED.

   /s/ Lesley Wells  
UNITED STATES DISTRICT JUDGE